UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD B. SPENCER,

Plaintiff,

vs.

RICHARD MILAN,

Defendant.

**1:20-cv-00682-JLT-GSA-PC**

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**(ECF No. 29.)**

## I. BACKGROUND

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against sole defendant Milam[1] ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment. On January 7, 2022, Defendant filed an Answer to the complaint. (ECF No. 24.)

On January 24, 2022, Plaintiff filed a motion to strike some of Defendant's affirmative defenses. (ECF No. 29.) On February 25, 2022, Defendant filed an opposition to the motion. (ECF No. 30.)

[1] Sued as Milan.

## II. MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A. Legal Standards

Although a defectively pled affirmative defense can be stricken under Federal Rule of Civil Procedure 12(f), which authorizes the removal of "an insufficient defense," motions to strike such defenses are "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Brooks v. Bevmo! Inc., et al., No. 20-CV-01216-MCE-DB, 2021 WL 3602152, at *1 (E.D. Cal. Aug. 13, 2021) (quoting Dodson v. Gold Country Foods, Inc., No. 2:13-cv-00336-TLN-DAD, 2013 WL 5970410 at * 1 (E.D. Cal. Nov. 4, 2013), citing Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "Accordingly, courts often require a showing of prejudice by the moving party before granting the requested relief." Id. (quoting Vogel v. Linden Optometry APC, No. CV 13–00295 GAF (SHx), 2013 WL 1831686 at * 2 (C.D. Cal. Apr. 30, 2013), citing Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005)). Where no such prejudice is demonstrated, motions to strike may therefore be denied "even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." Id. (quoting N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." Id. (quoting California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

### B. Discussion

Plaintiff brings this motion to strike on the grounds that Defendant's boilerplate listing of his First, Third, Fourth, Fifth, and Ninth affirmative defenses fail because they are irrelevant to the claims asserted, vague, and conclusory.

Defendant argues that Plaintiff fails to allege that he is prejudiced by Defendant's affirmative defenses and how he is allegedly prejudiced by them.

Plaintiff has not shown that he would actually be prejudiced by the inclusion of any of the specific affirmative defenses he seeks to exclude. This is insufficient, particularly since motions to strike affirmative defenses are not favored.

///

It bears noting that Plaintiff, a serial litigant in prisoner civil rights litigation with multiple cases pending in this District, has filed similar motions to strike affirmative defenses in other cases. For example, in Spencer v. Fairfield, Case No. 1:14-cv-00754-DAD-EPG at Doc. 30; Spencer v. Sherman, Case No. 1:17-cv-00479-AWI-GSA at Doc. 22; Spencer v. Gutierrez, Case No. 1:17-cv-01505-LJO-JDP at Doc. 23; and Spencer v. Lopez, Case No. 20-cv-01203-JLT-BAK at Docs. 29, 31; Plaintiff filed motions to strike that use virtually the exact same language employed in this motion, with an identical lack of any factual specificity in showing any actual prejudice.

**III. CONCLUSION**

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to strike, filed on January 24, 2022, is denied.

IT IS SO ORDERED.

Dated: **April 19, 2022**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE