UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RICHARD MILAN,<br><br>　　　　　Defendant. | 1:20-cv-00682-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 36.)** |

**I.　　BACKGROUND**

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against sole defendant Milam[1] ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.

On April 25, 2022, Plaintiff filed a document titled Objections to Magistrate Judge's Findings and Recommendations. (ECF No. 36.) By the content of Plaintiff's document it appears that Plaintiff is objecting to the court's order issued on April 19, 2022, which denied Plaintiff's motion to strike Defendants' affirmative remedies. Thus, the court considers Plaintiff's objections as a motion for reconsideration of the April 19, 2022 order.

---

[1] Sued as Milan.

## II.  MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the court's decision to deny Plaintiff's motion to strike the affirmative defenses found in Defendants' answer. But Plaintiff does not present the Court with any newly-discovered evidence or show that the Court committed clear error in its ruling. Nor

does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the court's decision and recapitulates that which was already considered by the Court in rendering its decision.   Accordingly, Plaintiff fails to show any reason why the Court should reconsider its prior order, and the Court shall deny his motion for reconsideration.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration, filed on April 25, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **August 9, 2022**                                    **/s/ Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE