UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>      Plaintiff,<br><br>   vs.<br><br>RICHARD MILAN,<br><br>      Defendant. | 1:20-cv-00682-JLT-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 39.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DISPOSITIVE MOTIONS FILING DEADLINE FOR ALL PARTIES**<br><br>**NEW DEADLINES:**<br><br>**New Discovery deadline:**      Oct. 10, 2022<br><br>**New Dispositive Motions deadline:**  Dec. 8, 2022 |

## I. BACKGROUND

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against sole defendant Milam[1] ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.

---

[1] Sued as Milan.

1

On January 10, 2022, the Court issued a Discovery and Scheduling Order establishing deadlines for the parties, including a discovery deadline of June 10, 2022, and a dispositive motion filing deadline of August 10, 2022. (ECF No. 26.)

On August 10, 2022, Defendant Milam filed a motion to modify the Discovery and Scheduling Order. (ECF No. 39.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant Milan requests a 120-day extension of the discovery and dispositive motions filing deadlines.

The Court finds good cause to extend the deadlines as requested by Defendant Milan. Defense counsel has shown that he was diligent in attempting to meet the deadlines established in the Court's Discovery and Scheduling Order, but was unable to meet the deadlines. Therefore, Defendant Milam's motion to modify the Discovery and Scheduling Order shall be granted.

## III.    CONCLUSION

Based on the foregoing and good cause having been presented to the court, **IT IS HEREBY ORDERED** that:

1. Defendant Milam's motion to modify the court's Discovery and Scheduling Order, filed on August 10, 2022, is GRANTED;

2. The deadline for conducting discovery is extended from June 10, 2022 until **October 10, 2022**, for all parties to this action;

///

3.     The deadline for filing dispositive motions is extended from August 10, 2022 until **December 8, 2022**, for all parties to this action; and

4.     All other provisions of the court's January 10, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **August 12, 2022**                   **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE