UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>           Plaintiff,<br><br>   vs.<br><br>RICHARD MILAN,<br><br>           Defendant. | 1:20-cv-00682-JLT-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>**(ECF No. 43.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DISPOSITIVE MOTIONS FILING DEADLINE FOR ALL PARTIES**<br><br>           **NEW DEADLINES:**<br><br>           <u>**Deadline for Defendant to Respond to Plaintiff's Discovery Requests**</u>:           Nov. 3, 2022<br><br>           <u>**Discovery Deadline**</u>:           Nov. 9, 2022<br><br>           <u>**Dispositive Motions Deadline**</u>:   Jan. 7, 2023 |

**I.   BACKGROUND**

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds against sole defendant Milam[1] ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.

---

[1] Sued as Milan.

1

On January 10, 2022, the Court issued a Discovery and Scheduling Order, setting out pretrial deadlines for the parties, including a discovery deadline of June 10, 2022 and a dispositive motion filing deadline of August 10, 2022. (ECF No. 26.) On August 12, 2022, the Court issued a scheduling order extending the discovery deadline to October 10, 2022, and the deadline for filing dispositive motions to December 8, 2022. (ECF No. 40.)

On September 14, 2022, Plaintiff filed a motion for extension of time to serve responses to Defendant's discovery requests, and on September 15, 2022, the Court granted Plaintiff an extension of time until October 18, 2022 to serve his responses. (ECF Nos. 41, 42.)

On September 15, 2022, Defendant Milam filed a response to Plaintiff's motion for extension of time. (ECF No. 41.) In the response, Defendant argues that the Court's recent order extending Plaintiff's deadline to respond to discovery requests until October 18, 2022 will prejudice Defendant unless other pending deadlines are also extended. Defendant informs the Court that the October 18, 2022 deadline extends Plaintiff's response deadline beyond the close of discovery, so that Defendant will not be able to use Plaintiff's responses and deposition testimony to support his dispositive motion, and it forces Defendant to respond to discovery first, despite establishing priority. Defendant requests that the deadline for Defendant to respond to Plaintiff's written discovery be extended from October 4, 2022 to November 3, 2022; that the close of discovery be extended from October 10, 2022 to November 9, 2022; and that the dispositive motion deadline be extended from December 8, 2022 to January 7, 2023.

**II.    REQUEST FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY**

Defendant requests an extension of time until November 3, 2022 in which to respond to Plaintiff's written discovery requests. The Court finds good cause to grant Defendant's request nunc pro tunc to November 3, 2022.

**III.   MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due

diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds good cause to extend the deadlines as requested by Defendant Milam. Defense counsel has shown that he was diligent in attempting to meet the deadlines established in the Court's scheduling order, but is unable to meet the deadlines. Therefore, as requested by Defendant Milam, the close of discovery shall be extended from October 10, 2022 to November 9, 2022, and the dispositive motion deadline shall be extended from December 8, 2022 to January 7, 2023.

**IV.   CONCLUSION**

Based on the foregoing and good cause having been presented to the court, **IT IS HEREBY ORDERED** that:

1. Defendant Milam is granted an extension of time nunc pro tunc to November 3, 2022, to reply to Plaintiff's written discovery requests;
2. Defendant Milam's motion to modify the court's scheduling order, filed on September 15, 2022, is GRANTED;
3. The deadline for conducting discovery is extended from October 10, 2022 to **November 9, 2022**, for all parties to this action;
4. The deadline for filing dispositive motions is extended from December 8, 2022 to **January 7, 2023**, for all parties to this action; and
5. All other provisions of the court's January 10, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **November 11, 2022**             **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE

3