UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RICHARD MILAN,<br><br>　　　　Defendant. | 1:20-cv-00682-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PROCEDURALLY DEFECTIVE**<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND REQUEST FOR EXTENSION OF DISCOVERY DEADLINE**<br><br>**(ECF No. 44.)** |

**I.　BACKGROUND**

　　Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against sole defendant Milam[1] ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.

　　On October 25, 2022, Plaintiff filed a motion to compel and for sanctions, and requested an extension of the discovery deadline. (ECF No. 44.) On November 14, 2022, Defendant filed

---

[1] Sued as Milan.

1

an opposition to the motions. (ECF No. 48.) The motion is now before the court. Local Rule 230(*l*).

## II. APPLICABLE LEGAL STANDARDS

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for *each* disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011) (emphasis added).

## III. PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff requests the court to compel Defendant to serve further responses to Plaintiff's Interrogatories and Request for Production of Documents, Set One, which Plaintiff served on August 22, 2022.

Plaintiff has submitted copies of his discovery requests and Defendant's responses. (ECF No. 44, Exhs. A & B.) Plaintiff states that his requests seek only relevant information, and that Defendant responded with boilerplate and non-particular objections. Plaintiff alleges that on October 14, 2022, he attempted to call the Supervising Deputy Attorney General by telephone to meet and confer, to no avail.

Defendant has objected to each of Plaintiff's discovery requests as vague and ambiguous, and as seeking information that is not relevant to the claims and defenses of the parties in this case.

Here, Plaintiff has not met his burden of informing the court why *each* disputed response to his Interrogatories and Request for Production of Documents is deficient. Plaintiff addresses <u>all</u> fourteen disputed responses together, merely stating that Defendants made incomplete responses. This is not sufficient to meet Plaintiff's burden.

The court has reviewed Defendant's Responses and finds that Defendant made boilerplate objections, but also addressed each of Plaintiff's Requests individually. Plaintiff has not adequately addressed Defendant's objections or Defendant's argument that Plaintiff has not requested relevant information. Therefore, Plaintiff's motion to compel shall be denied as procedurally defective.

In light of the Court's denial of Plaintiff's motion to compel, the Court shall also deny Plaintiff's motion for sanctions.

**VI.     REQUEST FOR MODIFICATION OF SCHEDULING ORDER**

The current discovery deadline for this case expired on November 9, 2022. (ECF No. 46.) Plaintiff requests an extension of the discovery deadline to bring any further motions to compel or for sanctions.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff has not shown good cause for the Court to extend the discovery deadline in the Court's scheduling order. Discovery was open for nearly ten months, from January 10, 2022

until November 9, 2022, and Plaintiff has not explained why he could not meet the requirements of the order.  Plaintiff merely requests an extension of the deadline in case he needs to bring further motions to compel or motions for sanctions.  Therefore, Plaintiff's request to modify the scheduling order shall be denied.

## VII. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel and for sanctions, filed on October 25, 2022, is denied as procedurally defective; and
2. Plaintiff's motion to modify the Court's scheduling order is denied for failure to show good cause.

IT IS SO ORDERED.

Dated:   **November 17, 2022**                              **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE