UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RICHARD MILAN,<br><br>　　　　Defendant. | 1:20-cv-00682-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**<br><br>**(ECF No. 55.)** |

**I.  BACKGROUND**

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against sole defendant Milam[1] ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.

On November 14, 2022, Defendant filed a motion for summary judgment, which is pending. (ECF No. 47.) On January 3, 2023, Plaintiff filed an opposition. (ECF No. 53.) On January 11, 2023, Defendant filed a reply. (ECF No. 54.)

---

[1] Sued as Milan.

1

On January 23, 2023, Plaintiff filed a motion for leave to file a surreply in response to Defendant's reply brief. (ECF No. 55.) On January 24, 2023, Defendant filed an opposition. (ECF No. 56.) Plaintiff did not file a reply to the opposition. The motion is now before the Court. Local Rule 230(*l*).

**II.    MOTION FOR LEAVE TO FILE SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited June 9, 2022). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford *pro se* litigants additional leniency. E.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does not extend to permitting surreplies as a matter of course and the Court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted.

Here Plaintiff seeks leave to file a surreply to address a new argument in Defendant's reply brief. Plaintiff contends that Defendant asserted an argument/evidence for the first time

that "Spencer's inmate appeal never mentioned anything about possible electrocution and that inmate Lopez declaration does not specify where the alleged leak occurred." (ECF No. 55.) Plaintiff argues that "Plaintiff nor Defendant never stated in any documents where the alleged leak occurred just stated in B section of dining." (ECF No. 55 at 1.)

Defendant argues that his reply brief in support of his summary judgment motion did not introduce any new evidence, and that Spencer's argument does nothing to contradict Defendant's evidence that in April of 2020 correctional staff fixed the ceiling leak that Plaintiff was complaining of.

After a review of the record, the Court finds that Defendant did not provide any new evidence in the reply to Plaintiff's opposition, nor did Defendant raise new issues or arguments. Plaintiff has not offered a valid basis upon which the Court should exercise its discretion to permit the filing of a surreply, and therefore, Plaintiff's motion for leave to file a surreply shall be DENIED.

### III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a surreply, filed on January 23, 2023, is DENIED.

IT IS SO ORDERED.

Dated:   **June 6, 2023**           /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE