UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RICHARD MILAN,<br><br>　　　　Defendant. | 1:20-cv-00682-JLT-GSA-PC<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE**<br><br>**(ECF No. 58.)** |

**I.　BACKGROUND**

　　Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 14, 2020. (ECF No. 1.)

　　On August 12, 2021, the court screened the Complaint and issued an order for Plaintiff to either (1) file an amended complaint or (2) notify the court that he is willing to proceed only against Defendant Milan on the Eighth Amendment claim found cognizable by the Court. (ECF No. 12.) On September 20, 2021, Plaintiff notified the Court that he was willing to proceed with the cognizable Eighth Amendment claim. (ECF No. 15.)

　　On September 23, 2021, the Court issued findings and recommendations, recommending that this case proceed with the initial Complaint against defendant Milam for subjecting Plaintiff

to adverse conditions of confinement, and that all other claims be dismissed for failure to state a claim. (ECF No. 17.) On November 2, 2021, District Judge Dale A. Drozd adopted the findings and recommendations in full. (ECF No. 19.) Therefore, this case now proceeds against sole defendant Milam[1] ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.

On January 24, 2022, Plaintiff filed a motion to strike Defendant's affirmative defenses (ECF No. 29), and on April 19, 2022, the Court denied the motion to strike. (ECF No. 35).

On November 14, 2022, Defendant Milam filed a motion for summary judgment. (ECF No. 47.) On January 3, 2023, Plaintiff filed an opposition to the motion (ECF No. 53), and on January 11, 2023, Defendant filed a reply to the opposition (ECF No. 54). On January 23, 2023, Plaintiff requested leave to file a surreply (ECF No. 55), which was denied by the Court on June 7, 2023 (ECF No. 57).

On June 28, 2023, filed a motion to disqualify Magistrate Judge Gary Austin from participating in this case. (ECF No. 58.)

**II.     ANALYSIS**

In his motion, Plaintiff requests that Magistrate Judge Austin be disqualified from participating in this case under the authority of 28 U.S.C. § 455(b)(1). On the same date, June 28, 2023, Plaintiff also filed an identical motion in Plaintiff's other case 1:20-cv-01176-JLT-GSA-PC; Spencer v. Pulido-Esparza. (Case 1:20-cv-01176 at ECF No. 21.) Both Plaintiff's motions to disqualify are exactly the same and are based upon a ruling made by the undersigned on April 19, 2022 in this case, 1:20-cv-00682-JLT-GSA-PC, which denied Plaintiff's motion to strike Defendant Milam's affirmative defenses. (ECF No. 35.) Plaintiff takes issue with the following language of the court contained in the April 19, 2022 ruling which forms the basis of his motion to disqualify:

> "It bears noting that Plaintiff, a serial litigant in prisoner
> civil rights litigation with multiple cases pending in this District,

---

[1] Sued as Milan.

2

has filed similar motions to strike affirmative defenses in other cases." (See id. at 3:1-3.)

A. **Disqualification of Magistrate Judge Under 28 U.S.C. § 455 and 28 U.S.C. § 144**

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." Brew v. Fehderau, No. 1:17-cv-00681-AWI-EPG-PC, 2017 U.S. Dist. LEXIS 168135, at *2-3 (E.D. Cal. Oct. 11, 2017) (quoting see 28 U.S.C. § 455(a), (b)(1)). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. Id. (citing Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994)). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting Bernard, 31F. 3d at 843 (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985))). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Id. (quoting United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980)).

On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." Id. (quoting United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008)). Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. (quoting 28 U.S.C. § 455(a)). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. (quoting § 455(b)). A party moving for recusal pursuant to Section 455(b) must likewise demonstrate "actual bias or prejudice based upon an

extrajudicial source." Ndoromo v. Barr, 486 F. Supp. 3d 388, 394 (D.D.C. 2020) (quoting Middlebrooks v. St. Coletta of Greater Wash., Inc., 710 F. Supp. 2d at 79 (citations omitted).

Even though Plaintiff is not proceeding pursuant to 28 U.S.C. § 144, the Court will nevertheless address § 144 along with its discussion of § 455(a) and (b)(1).

**B.    Discussion**

As in Ndoromo, Plaintiff does not explain how the Court's language used in its ruling would prevent the fair adjudication of his two cases.  Nor does Plaintiff site to any extrajudicial acts by the Court that demonstrate bias or impartiality, and as stated in Sibla, the bias must come from an "*extrajudicial*" source.  See R.S. Coppola Trust - Oct. 19, 1995 v. Nat'l Default Servs., 2021 U.S. Dist. LEXIS 197078, at *5 (citing Sibla, 624 F.2d at 868).

"Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different." Drevaleva v. United States VA, 2021 U.S. Dist. LEXIS 89927, at *3 (quoting Sibla, 624 F.2d at 867).  "Section 455 sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge," with "no provision for referral of the question of recusal to another judge." Id. (quoting  Sibla, 624 F.2d at 868 (citing Davis v. Bd. of Sch. Comm'rs, 517 F.2d 1044, 1051 (5th Cir. 1975); Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). "A motion under § 455 requires a judge to determine "whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge." Id. at 3-4 (quoting Sibla, 624 F.2d at 868 (citing United States v. Schreiber, 599 F.2d 534, 536 (3d Cir. 1979)).

On the other hand § 144 relief is conditioned upon the filing of a timely and legally sufficient affidavit. See id., at *3 (quoting Sibla, 624 F.2d at 868 (citing Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979); United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978); United States v. Bennett, 539 F.2d 45, 51 (10th Cir. 1976))). If the judge "determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." Id. (quoting Sibla, 624 F.2d at 868).

Notwithstanding the differences, both § 455 and § 144 require that the bias or impartiality must stem from an *extrajudicial* source, "a source other than 'conduct or rulings made during the course of a proceeding.'" Id. at *4 (quoting Sibla, 624 F.2d at 868; also see Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (finding an affidavit "legally insufficient" where it was based on "conduct during the judicial proceeding")). "To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." Id. at *5 (quoting United States v. Wilkerson, 208 F.3d 794, 799 (9th Cir. 2000); see also Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).

To repeat, under either statute the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Amesquita v. Hickman, No. 1:05-cv-00055-LJO-MJS (HC), 2018 U.S. Dist. LEXIS 22778, at *5 (E.D. Cal. Feb. 9, 2018) (citing Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (citing Liteky, 510 U.S. at 554-56)). This is especially germane to Plaintiff's instant motion because on page 5 of Plaintiff's motion the language he highlights is information gained from Plaintiff's filings, e.g., that Plaintiff is a serial litigant in prisoner civil rights litigation with multiple cases pending in this District, who has filed similar motions to strike affirmative defenses. Accordingly, the Court finds that Plaintiff's motion fails under both § 144 and § 455, and thus must be denied.

## III. CONCLUSION

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to disqualify Magistrate Judge Gary S. Austin from participating in this case, filed on June 28, 2023 is DENIED.

IT IS SO ORDERED.

Dated: **July 13, 2023**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE