UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RICHARD MILAN, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-00682 JLT GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED PURSUANT TO 28 U.S.C. § 1915(G)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 15, 2024** |
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. JASSO, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-00909 NODJ GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED PURSUANT TO 28 U.S.C. § 1915(G)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 15, 2024** |
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>L. PULIDO-ESPARZA, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-1176 JLT GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED PURSUANT TO 28 U.S.C. § 1915(G)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 15, 2024** |

1

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>           Plaintiff,<br><br>    v.<br><br>A. BARAJAS, et al.,<br><br>           Defendant. | No. 1:23-cv-01033 NODJ GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED PURSUANT TO 28 U.S.C. § 1915(G)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 15, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed the above captioned civil rights actions seeking relief under 42 U.S.C. § 1983. These matters have been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Notwithstanding that each of the four cases referenced above is at a different stage of proceedings, for the reasons stated below Plaintiff will be ordered to show cause why in each of these cases his *in forma pauperis* status should not be revoked pursuant to 28 U.S.C. § 1915(g), and he be required to pay their filing fees in full prior to proceeding further in all of them.

    I.    CASES AT ISSUE

The cases for which Plaintiff will be ordered to file a showing of cause are the following: (1) Spencer v. Milan, No. 1:20-cv-00682 JLT GSA ("Milan"); (2) Spencer v. Jasso, No. 1:20-cv-00909 NODJ GSA ("Jasso"); (3) Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA ("Pulido-Esparza"), and (4) Spencer v. Barajas, No. 1:23-cv-01033 NODJ GSA ("Barajas"). The Court finds that each of these cases was brought *after* Plaintiff had acquired four strikes within the meaning of 28 USC 1915(g). Further, in the above referenced cases, Plaintiff was not in imminent danger of serious physical harm when he brought them. As a result, as established herein, Plaintiff's in forma pauperis status (IFP) in the current referenced cases were improperly granted and must therefore be vacated in order to comply with 28 U.S.C. 1915(g).

    II.    IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart). An inmate's in forma pauperis status may be revoked at any time if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).

### III. THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of

an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three-strikes provision

4

requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

IV. PLAINTIFF'S PRIOR STRIKES

A. Plaintiff's Relevant Strikes

A review of court records reveals that at least four cases[1] brought by Plaintiff qualify as strikes under Section 1915(g).[2] The Court takes judicial notice of the following lawsuits[3] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the currently pending Milan, Jasso, Pulido-Esparza, and Barajas cases:

- Spencer v. Beeler, No. 1:13-cv-01624 JLO BAM (E.D. Cal. Sept. 22, 2014) (voluntary dismissal after case ordered dismissed for failure to state a claim, granting leave to amend);

- Spencer v. Kokor, No. 1:17-cv-00597 LJO JLT (E.D. Cal. Apr. 6, 2018) (voluntary dismissal after a finding by the assigned Magistrate Judge that the case failed to state a cognizable claim accompanied with a recommendation that Plaintiff not be granted leave to amend and that the case be dismissed with prejudice);

- Spencer v. Sherman, No. 1:17-cv-01025 LJO EPG (E.D. Cal. Apr. 25, 2018) (dismissed for failure to state a claim); and

---

[1] Although these four cases are sufficient to establish that Plaintiff has enough strikes to require that he pay the filing fee in full prior to filing Milan, Jasso, Pulido-Esparza, and Barajas, Plaintiff also has three additional cases which were brought *after* the four matters currently before the Court, and which constitute strikes.  They are:  Spencer v. Edwards, 1:21-cv-1410 BAM (E.D. Cal. Feb. 2, 2022) (voluntary dismissal after failure to state a claim determination); Spencer v. Smith, 1:21-cv-1646 EPG (E.D. Cal. Jan. 24, 2022) (voluntary dismissal after failure to state a claim determination), and Spencer v. Fernandez, 1:23-cv-0397 ADA HBK (E.D. Cal. Sept. 18, 2023) (voluntary dismissal after failure to state a claim determination).  Moreover, because these three cases were dismissed *after* Milan, Jasso, Pulido-Esparza, and Barajas had been brought by Plaintiff, the Court cannot consider them in Plaintiff's strike calculation in this order.

[2] Court records also reveal that since 2009, Plaintiff has filed over twenty civil rights matters in this district alone.  The majority of them have been filed since 2017.

[3] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

- Spencer v. Kokor, No. 1:17-cv-01561 LJO BAM (E.D. Cal. June 26, 2018) (dismissed for failure to state a claim).

### B. Plaintiff's Voluntary Dismissals: Beeler and Kokor

Two of the four cases above – Beeler and Kokor – were voluntarily dismissed by Plaintiff *after* the Court had screened them and had determined that each failed to state claims upon which relief could be granted. For reasons set forth below these cases constitute strikes within the meaning of Section 1915(g).

#### 1. Beeler (13cv1624)

In Beeler, the Court screened Plaintiff's complaint and found that it failed to state any claims upon which relief could be granted. See Beeler, ECF No. 11 at 5-7 (Court's screening order finding failure to state claim). As a result, Plaintiff was granted leave to amend. See id. at 7. However, instead of amending the complaint, Plaintiff voluntarily dismissed the matter pursuant to Federal Rule of Civil Procedure 41(a)(1). See Beeler, ECF No. 12 (Plaintiff's subsequently filed voluntary dismissal).

#### 2. Kokor (17cv597)

After the complaint in Kokor was screened, it was determined that Plaintiff had failed to state claims upon which relief could be granted. Kokor, ECF No. 8 at 3-7. Consequently, Plaintiff was given leave to amend. Id. at 8. Thereafter, Plaintiff filed an amended complaint. Kokor, ECF No. 10. In the second screening order it was recommended that the matter be dismissed with prejudice for failure to state a claim. Kokor, ECF No. 15 (screening and findings and recommendations). In Plaintiff's objections to those findings and recommendations, Plaintiff specifically requested that the Court dismiss the entire matter without prejudice pursuant to Rule 41(a) so that "he would not have a strike against him." Kokor, ECF No. 18 at 1-2. Although under Rule 41(a)(1)(A)(1) parties may voluntarily dismiss their actions *without* a court order, in response, the Court issued an order granting Plaintiff's request to dismiss. Kokor, ECF No. 19 at 3.

#### 3. Beeler and Kokor Are Section 1915(g) Strikes

6

1   In Harris v. Mangum, 863 F.3d 1133 (9th Cir. 2017), the Harris Court addressed the
2  question of whether certain earlier cases filed by the plaintiff that had been screened and later
3  dismissed, constituted strikes.  See id. 863 F.3d at 1141-44.  Ultimately, after considering several
4  of the plaintiff's cases alleged to be strikes, the Court held that when a complaint is dismissed on
5  the grounds that it fails to state a claim, but with leave to amend, and the plaintiff subsequently
6  fails to file an amended complaint, the court's dismissal of the case constitutes a strike within the
7  meaning of Section 1915(g).  Harris, 863 F.3d at 1143.

The Harris Court clearly stated:

> A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend.  This conclusion is reinforced by the fact that we interpret § 1915(g) so as to "further[ ] Congress's intent to screen out frivolous complaints by precluding prisoners from submitting and endless stream of frivolous in forma pauperis complaints."

Harris, 863 F.3d at 1143 (brackets in original) (quoting O'Neal, 531 F.3d at 1152).

The Harris Court also stated:

> The dismissal of each of Harris's prior actions "rang the [Prison Litigation Reform Act's] bells of . . . failure to state a claim," even if the "procedural posture" meant that the entry of judgment in each case was delayed until it became clear that Harris would not file an amended complaint that did state a claim. . . .  *His failure to file an amended complaint did not negate the determination already made by the court that the complaint he had filed, and on which he effectively elected to stand, failed to state a claim.*

Harris, 863 F.3d at 1142 (brackets added) (italics added) (comparison omitted) (citation omitted).

Plaintiff's *voluntary dismissals* of Beeler and Kokor *after* they had been screened and found to fail to state claims upon which relief could be granted were – by Plaintiff's own admission in Kokor –done in order to avoid the cases being determined strikes under Section 1915(g).  Importantly, in both cases there was  a judicial finding that Plaintiff had failed to state a cognizable claim before he chose to voluntarily dismiss them.  By logical extension of the Harris case, Plaintiff cannot simply voluntarily dismiss his own case in order to avoid them becoming

7

Section 1915(g) strikes.  The fact that in Harris the plaintiff's prior strike cases had been dismissed by the court after he failed to amend them, contrasted with what happened here where Plaintiff voluntarily dismissed his deficient Beeler and Kokor matters-- is a distinction without a difference.  "When [] review[ing] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial."  El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (brackets added); see Windham v. Franklin, No. 1:16-cv-05888 SVW JEM, 2018 WL 1626250, at *3 (C.D. Cal. Jan. 25, 2018) (referencing Harris and stating technical reason for dismissal irrelevant under Section 1915(g)).

In sum, in both Beeler and Kokor Plaintiff *specifically attempted to avoid incurring strikes* by employing Federal Rule of Civil Procedure sec 41(a)(1), which were employed only *after* a finding in each that Plaintiff had failed to state a cognizable claim.    For this reason Harris, by logical extension, supports the conclusion that the voluntary dismissal in Beeler and Kokor by Plaintiff, occurring only *after* it had been judicially determined that Plaintiff had failed to state a cognizable claim, constitute strikes.[4]

---

[4] The Court takes judicial notice of the fact that in Spencer v. Beard, No. 1:19-cv-01615 DAD HBK (E.D. Cal. Feb. 23, 2023) ("Beard"), another one of Plaintiff's cases filed in the Eastern District, the district judge assigned to that matter disagreed that Plaintiff's voluntary dismissal after the Court's finding of a failure to state a claim in Beeler constituted a Section 1915(g) strike. See Beard, ECF Nos. 19, 29 at 2-3 (Defendant's motion to revoke Plaintiff's in forma pauperis status; order denying same, respectively).  As a result, the Beard Court declined to revoke Plaintiff's in forma pauperis status.  Beard, ECF No. 29 at 3.  However, and although admittedly a close call, the undersigned  finds the following cases which come to a contrary conclusion to be persuasive: Chambers v Laske, 2018 US Dist Lexis 109466;   Sumner v. Tucker, 9 F. Supp. 2d 641, 643-44 (E.D. Va. 1998) (stating voluntary dismissal does not relieve plaintiff of consequences of filing frivolous action under Section 1915(g)); Garrett v. Diaz, 3:21-cv-00265 WQH MDD, 2021 WL 3209913, at *3 (S.D. Cal. July 29, 2021) (counting voluntary dismissal as strike under Section 1915(g)); Williams v. Paramo, No. 3:17-cv-02596 MMA BLM, 2018 WL 11271064, at *3 (S.D. Cal. Mar. 1, 2018) (counting plaintiff's voluntary dismissals as strikes under Section 1915(g)); Meador v. Brown, No. 2:18-cv-00696 KJM AC, 2018 WL 2688131, at *5 (E.D. Cal. June 4, 2018) (stating irrespective of voluntary dismissal, pre-dismissal findings and recommendations that filing was improper "rang the PLRA bells" of frivolousness and failure to state a claim and counting voluntary dismissal as strike); Heilman v. Deillen, No. CV 14-6298 JVS (FFM), 2017 WL 10591881, at *5 (C.D. Cal. Sept. 18, 2017) ("[I]t would frustrate the purposes of Section 1915(g) if plaintiff avoided a strike merely because he, rather than the court, instigated the dismissal of an action that he acknowledged was non-viable."); Blaisdell v. Hawaii Dep't of Pub. Safety, No. 12-00554 LEK BMK, 2012 WL 5996797, at *3 (D. Haw. Nov. 30, 2012) (collecting cases) (stating permitting plaintiff to voluntarily dismiss complaint would

V.   DISCUSSION

A.   The Four Current Actions were Brought After Three Strikes Accrued

Plaintiff's Milan case, the first of the four cases filed *after* Plaintiff had accumulated the four strikes listed above, was brought[5] on May 5, 2020.[6]  See Milan, ECF No. 1 at 6 (signature and date page of complaint).  Jasso was brought on June 29, 2020.  See Jasso, ECF No. 1 at 6.  Pulido-Esparza was brought on August 20, 2020.  See Pulido-Esparza, ECF No. 1 at 6.  Barajas was brought on July 7, 2023.  See Barajas, ECF No. 1 at 5.  Because the above-referenced four strike cases were dismissed *before* Milan, Jasso, Pulido-Esparza, and Barajas were brought before the Court, as a three strikes litigant, Plaintiff was required to pay the filing fee in full for each of these cases prior to proceeding in them *unless*, at the time that he brought them, he alleged and made an adequate showing that he was in imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g) (serious physical harm requirement).

B.   No Imminent Danger Alleged in Instant Cases

A review of the complaints in Milan, Jasso, Pulido-Esparza, and Barajas indicates that Plaintiff did not make plausible allegations of imminent danger of serious physical harm in any of them.  See generally Milan, ECF No. 1[7]; Jasso, ECF No. 1; Pulido-Esparza, ECF No. 1; Barajas,

---

frustrate Congress's purpose in enacting the PLRA, namely, to discourage prisoners from filing baseless lawsuits and to deter "frivolous prisoner gamesmanship"); see generally Grindling v. Hawaii, No. 09-00536 JMS BMK, 2009 WL 4857399, at *1 (D. Haw. Dec. 16, 2009) (collecting cases) (referencing PLRA and stating to permit plaintiff to dismiss matter after court had expended considerable energy reviewing claims in complaint would frustrate Congress's aim of deterring frivolous prisoner litigation).

[5] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court."  O'Neal, 531 F.3d at 1152.

[6] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

[7] In Milan, Plaintiff asserts that the dining facility at California Substance Abuse Treatment Facility was infested with "vermin, roaches, black mold and contaminated water," and that this posed "an immediate and imminent threat to his health and safety."  Milan, ECF No. 1 at 7.  He also claims that he "was and continues to be sickened by the unabated filth and unsanitary conditions in which his food was prepared, handled and served."  Id. at 16, ¶ 81.  Plaintiff, however, fails to explain how these alleged conditions put him at risk of imminent serious physical injury.  See generally Milan, ECF No. 1 (complaint).  "Courts . . . deny leave to proceed

9

ECF No. 1.  Because he was not in imminent danger of serious physical harm when he brought these four matters, Section 1915(g) precludes him from proceeding in them without first paying the filing fees for each one in full.  See 28 U.S.C. § 1915(g).  However, to be fair to the Plaintiff, prior to preparing an Finding and Recommendation that he do so, Plaintiff will first be given an opportunity via an order to show cause to show/explain why he was not a three strikes litigant within the meaning of Section 1915(g) at the time that he brought Milan, Jasso, Pulido-Esparza, and Barajas before this Court.

## VI.   CONCLUSION

Plaintiff is currently proceeding with in forma pauperis status in Milan, Jasso, Pulido-Esparza, and Barajas, all of which are currently being considered by this Court.  Prior to filing these cases, the Court has determined that Plaintiff had accumulated four strikes in previous cases within the meaning of 28 U.S.C. § 1915(g).  In addition, a review of the complaints in Milan, Jasso, Pulido-Esparza, and Barajas demonstrate that when Plaintiff brought each of them, he did not allege plausible claims of imminent danger of serious physical harm.  As a result, he is required under Section 1915(g) to pay the filing fee in full for each of them prior to proceeding any further in them.

Therefore, Plaintiff will be ordered to show cause why he should not be required to pay the filing fee in full for Milan, Jasso, Pulido-Esparza, and Barajas.  Plaintiff will be given thirty

---

[in forma pauperis] when a prisoner's claims of imminent danger are conclusory or ridiculous." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) (brackets added) (citations omitted); see, e.g., Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003) (refusing to find an "imminent danger" based upon conclusory assertions).

Plaintiff's allegations in Milan are insufficient to establish that he was in imminent danger of serious physical harm, and his assertion of "immediate and imminent threat to his safety" from exposure to vermin, roaches, black mold, and contaminated water is wholly speculative.  See, e.g., Palanco v. Hopkins, 510 F.3d 152, 155 (2d Cir. 2007) (affirming denial of in forma pauperis status where prisoner alleged speculative health risks associated with mold exposure); Wilson v. Cisnerous, No. 1:21-cv-01455 EPG, 2021 WL 4493556, at *2-3 (E.D. Cal. Oct. 1, 2021) (plaintiff's unsupported assertion that alleged exposure to mold, dust, parasites put him in imminent danger of serious physical harm noted, leading to finding no imminent danger existed at time action was brought); Herbaugh v. San Diego Sheriff's Dep't, No. 3:18-cv-01899 JLS NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (finding plaintiff's assertions that exposure to foul odors, bugs, and vermin placed him in imminent danger of serious physical injury implausible).

days to do so. Should Plaintiff fail to timely file showings of cause for these cases, or fail to establish why he is not a three strikes litigant within the meaning of 28 U.S.C. § 1915(g), it will be recommended that his current in forma pauperis status in each of these cases be revoked.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to SHOW CAUSE why his in forma pauperis status should not be REVOKED in the following cases:

- Spencer v. Milan, No. 1:20-cv-00682 JLT GSA;
- Spencer v. Jasso, No. 1:20-cv-00909 NODJ GSA;
- Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA; and
- Spencer v. Barajas, No. 1:23-cv-01033 NODJ GSA.

2. Within thirty days from the date of this order – **February 19, 2024**, – Plaintiff shall file his showing of cause;

3. The showing of cause must be <u>one</u> pleading which addresses whether the following previously adjudicated cases are strikes within the meaning of 28 U.S.C. § 1915(g):

- Spencer v. Beeler, No. 1:13-cv-01624 JLO BAM (E.D. Cal. Sept. 22, 2014);
- Spencer v. Kokor, No. 1:17-cv-00597 LJO JLT (E.D. Cal. Apr. 6, 2018);
- Spencer v. Sherman, No. 1:17-cv-01025 LJO EPG (E.D. Cal. Apr. 25, 2018); and
- Spencer v. Kokor, No. 1:17-cv-01561 LJO BAM (E.D. Cal. June 26, 2018).

4. Plaintiff must file the same, <u>one</u> showing of cause in <u>Milan</u>, <u>Jasso</u>, <u>Pulido-Esparza</u>, and <u>Barajas</u>, and file them simultaneously.

**Plaintiff is cautioned that failure to adhere to the instructions in this order may result in recommendations that the matters be dismissed for failure to obey court orders. Plaintiff is further cautioned that absent exigent circumstances, requests for extensions of time to file the showings of cause will <u>not</u> be granted.**

IT IS SO ORDERED.

Dated: **January 17, 2024**             /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

11